[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband was married to the defendant wife in Bethel, Connecticut, on July 28, 1979. No children were born to the wife, nor have any children been adopted during the course of marriage.
Both of the parties have resided in the State of Connecticut for at least one year up the date of the filing of the complaint.
This is the second marriage for the husband and the first marriage for the wife.
The wife is forty-two (42) years of age and the husband is forty-nine (49) years of age. Both are apparently in good health. The husband, however, did have a heart attack in 1987. In spite of this, he testified, and through proper conditioning he is now in good physical condition.
This marriage of twelve and one-half (12-1/2) years appeared to be on sound footing for the first ten or so years. Both worked hard and made smart use of their earnings CT Page 2844 to acquire a sizable estate. Sometime around 1989 or 1990, the marriage began to unravel. He attributes the breakdown to her drinking and inability to prioritize her time properly. He testified that she would spend hours on the phone with business problems. These are reasons he gives for the breakdown of the marriage.
On the other hand, the wife has alluded to a possible affair by the husband as one of the causes for the breakdown. There is little or any evidence presented to the court to substantiate this claim. She was really unable to fully articulate to the court what she felt led to the breakdown. She claims that the husband's leaving the marital residence and telling the wife that he was filing for divorce were a complete shock to her. As to her drinking, the wife admitted that she drank each evening, moderately. Both of the parties, however, testified that until the husband told her he was filing for a divorce, he had never before indicated that her perceived drinking problem was damaging the marriage. He also never suggested to her that she get help.
From all of the evidence presented, the court cannot find that one party contributed to a greater degree to the breakdown than the other.
As indicated previously in this memorandum, both of the parties worked hard during the marriage. The wife's income, perhaps, exceeded the husband's by a total of $50,000.00 during the marriage. The court attributes little consequence to this financial statistic.
Although the wife worked for one year or so as a self-employed consultant and netted about $70,000.00, the court does not find that its finding should be based on that one year aberration. She left her usual place of employment so that she could spend more time at home. This was in response to her recognition that the long hours spent in her other employment may have been a source of irritation to her husband. Based on the evidence, the court finds that there is a parity in earning ability between the parties.
The court further finds that on the basis of the expert testimony presented, the marital premises has a fair market value of $222,000.00. The court further finds that at the time of the marriage this house had an equity of about $75,000.00. This was the major asset brought into the marriage. Each brought some furniture into the marriage, as well as an automobile (the wife a 1975 Corvette). The wife also had some stock and savings of a minor indeterminate value. CT Page 2845
The court need not go through the litany of claims made by the parties as to their respective contributions, both financial and otherwise, to the ultimate estate of the marriage. The wife perhaps made the greater portion of the financial contributions, but the husband's financial and physical work is also noteworthy.
Having carefully reviewed all of the evidence and taking into consideration the factors mandated in Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court further finds and orders as follows:
1. The marriage has broken down irretrievably, there is no prospect for reconciliation, and a decree of dissolution may enter.
2. Neither party is awarded periodic alimony.
3. The wife shall quitclaim to the husband all of her right, title and interest in the marital premises located at 111 Walnut Hill Road, Bethel, Connecticut, to the husband. He shall be responsible for the payment of the mortgage, taxes and insurance and all other expenses, and he shall hold her harmless from any and all claims. The wife shall vacate said premises on or before April 30, 1992. The husband shall be solely responsible for all expenses, including the mortgage, commencing April 1, 1992.
The court determines that the value of this property to the husband, after giving him a credit of $75,000.00 for his premarital interest, is $113,000.00.
4. The husband shall convey to the wife all of his right, title and interest in the premises located on Cape Cod. The wife shall be responsible for the payment of the mortgage, insurance, taxes and all other expenses, and shall hold him harmless from any and all claims.
The court attributes to this property an equity of approximately $56,000.00.
5. The husband shall convey to the wife all of his right, title and interest in the Maine property. She shall be responsible for all payment attendant to ownership of said premises.
The court attributes to the property a fair market value of approximately $50,000.00.
CT Page 2846
6. The husband shall convey to the wife all of his right, title and interest in the Pennsylvania time share. She shall be responsible for all payments attendant to ownership of the property.
The court attributes to said premises a fair market value of $4,000.00.
7. The wife shall convey all of her right, title and interest in the Bradenton, Florida, property to her husband. He shall indemnify and hold her harmless from all claims, including, but not limited to, mortgage, taxes and insurance.
The court attributes to the wife's one-third interest in said property a net equity of $5,500.00.
8. The husband shall pay to the wife, as a lump sum property distribution, the sum of $10,000.00. Said sum shall be paid within thirty (30) days.
9. The wife shall transfer to the husband all of her interest in the 1985 Volkswagen, and he shall transfer to her all of his interest in the 1985 Pontiac.
10. The personal property shown on Exhibits J K shall, by agreement of the parties, be distributed by value one-half to the wife and one-half to the husband. The wife shall have the right to choose that property which is to become hers and then the balance shall become the property of the husband.
11. Except as otherwise provided in this agreement, the property which is in the sole name of either of the parties shall remain the sole and exclusive property of that party.
12. Each of the parties shall be responsible for the payment of his or her own attorney's fees and costs.
MIHALAKOS, JUDGE